**FILED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEC 1 2 2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. **17CR 796** |
| | ) | |
| v. | ) | Violations: Title 18, United States |
| | ) | Code, Sections 1030(a)(2)(A), |
| EDWARD SOYBEL | ) | 1030(a)(2)(C), 1030(a)(5)(A), 1030(b) |
| | ) | 1030(c)(2), and 1030(c)(4)(B) |

**JUDGE KENNELLY**

<u>COUNTS ONE THROUGH NINE</u> MAGISTRATE JUDGE MASON

The SPECIAL DECEMBER 2016 GRAND JURY charges:

1.      At times material to this indictment:

a.      W.W. Grainger, Inc. was an industrial supply company based in Lake Forest, Illinois.

b.      Through its Product A, Grainger provided automated inventory management solutions, including on-site dispensing machines, to approximately 18,000 customers throughout the United States.  The dispensing machines provided customers with unattended and secure access to consumable and durable products, including safety equipment.

c.      Grainger maintained computer servers relating to Product A in Niles, Illinois. The servers connected to Product A dispensing machines via Internet connections. The servers stored proprietary data, and allowed customers and Grainger personnel to monitor inventory levels online.

d.      Access to the Product A servers was restricted to authorized Grainger employees and contractors.  To access the servers, authorized users were required to enter a username and password.  Authorized users who were not located

in a Grainger facility could log into the servers remotely through a webpage via the Internet or by using specialized software.

      e.     Defendant EDWARD SOYBEL was a contractor who worked as a technical support specialist at Grainger's Niles facility from approximately November 2014 until February 2016, at which point his authorized access to Grainger's Product A servers ended. Following his termination, SOYBEL's Product A username and password were deactivated.

      f.     After February 2016, defendant EDWARD SOYBEL was not authorized to access Grainger's Product A servers.

      2.     On or about each of the dates and times listed below, at Niles, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWARD SOYBEL,

defendant herein, knowingly caused the transmission of a program, information, code, and command, and, as a result of such conduct, intentionally caused damage without authorization to a protected computer, namely, Grainger's Product A servers, which offense caused:

      a.     a loss to Grainger during a one-year period aggregating at least $5,000 in value, including the loss from defendant's related course of conduct affecting protected computers; and

      b.     damage during a one-year period affecting 10 or more protected computers, namely, Grainger's Product A servers and dispensing machines:

2

| Count | Date | Time |
|---|---|---|
| Count 1 | July 17, 2016 | 6:09 a.m. |
| Count 2 | July 17, 2016 | 6:37 p.m. |
| Count 3 | July 19, 2016 | 5:49 p.m. |
| Count 4 | July 19, 2016 | 7:00 p.m. |
| Count 5 | July 20, 2016 | 1:16 a.m. |
| Count 6 | July 20, 2016 | 2:06 p.m. |
| Count 7 | July 20, 2016 | 2:17 p.m. |
| Count 8 | July 24, 2016 | 3:56 p.m. |
| Count 9 | July 24, 2016 | 6:42 p.m. |

In violation of Title 18, United States Code, Sections 1030(a)(5)(A) and 1030(c)(4)(B)(i).

## COUNT TEN

The SPECIAL DECEMBER 2016 GRAND JURY further charges:

1.      Paragraph 1 of Count One is incorporated here.

2.      On or about September 17, 2016, at Niles, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWARD SOYBEL,

defendant herein, knowingly caused the transmission of a program, information, code, and command, and, as a result of such conduct, intentionally caused damage without authorization to a protected computer, namely, Grainger's Product A servers, which offense caused a loss to Grainger during a one-year period aggregating at least $5,000 in value, including the loss from defendant's related course of conduct affecting protected computers;

In violation of Title 18, United States Code, Sections 1030(a)(5)(A) and 1030(c)(4)(B)(i).

## COUNT ELEVEN

The SPECIAL DECEMBER 2016 GRAND JURY further charges:

1.      Paragraph 1 of Count One is incorporated here.

2.      On or about September 4, 2016, at Niles, in the Northern District of Illinois, Eastern Division, and elsewhere,

### EDWARD SOYBEL,

defendant herein, attempted to knowingly cause the transmission of a program, information, code, and command, and, as a result of such conduct, intentionally cause damage without authorization to a protected computer, namely, Grainger's Product A servers, which offense, if completed, would have caused damage during a one-year period affecting 10 or more protected computers, namely, Grainger's Product A servers and dispensing machines;

In violation of Title 18, United States Code, Sections 1030(a)(5)(A), 1030(b), and 1030(c)(4)(B)(i) and (ii).

## COUNT TWELVE

The SPECIAL DECEMBER 2016 GRAND JURY further charges:

1.      Paragraph 1 of Count One is incorporated here.

2.      On or about October 3, 2016, at Niles, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWARD SOYBEL,

defendant herein, attempted to intentionally access a computer without authorization, and thereby obtain information from a protected computer, namely, Grainger's Product A servers;

In violation of Title 18, United States Code, Sections 1030(a)(2)(C), 1030(b), and 1030(c)(2)(A).

## FORFEITURE ALLEGATION

The SPECIAL DECEMBER 2016 GRAND JURY alleges:

1.      Upon conviction of an offense in violation of Title 18, United States Code, Sections 1030(a)(2)(A), 1030(a)(2)(C), 1030(a)(5)(A), and 1030(b), as set forth in this indictment, defendant shall forfeit to the United States of America any personal property used and intended to be used to commit and to facilitate the commission of the offense, as provided in Title 18, United States Code, Section 1030(i)(1)(A).

2.      The property to be forfeited includes, but is not limited to, the following specific property: one ASUS laptop computer bearing serial number C4N0AS86254017F, and one Dell laptop computer bearing serial number 5ZMWCD1.

3.      If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided by Title 21, United States Code Section 853(p).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY

7